UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN ZEMAN AND LAURIE ZEMAN,

        Plaintiffs,        Case No.: 6:21-cv-00046-CEM-DCI

vs.

STILLWATER INSURANCE COMPANY

        Defendant.

_____/

## AMENDED* NOTICE OF REMOVAL

Defendant, STILLWATER INSURANCE COMPANY (hereinafter referred to as "STILLWATER"), by and through its undersigned counsel, hereby files an *Amended Notice of Removal, pursuant to 28 U.S.C. §§ 1653 and in response to this Court's 1-21-20 Order to Show Cause (Doc. 10), for removal of the civil action bearing Case No. 2020-CA-011231-O on the docket of the Circuit Court of the Ninth Judicial Circuit for the Middle District of Florida – Orlando Division. This Court has jurisdiction under 28 U.S.C. Sec. 1332, diversity jurisdiction. The grounds for removal are as follows:

### I.    General Statement of Federal Jurisdiction

On or about November 25, 2020, Plaintiff commenced a civil action against Stillwater by filing a Complaint alleging breach of contract in State Court, as referenced above. Stillwater became aware of such suit on or about December 17th, the date of service for the same (See Exhibit 1 to the Original Notice of Removal Doc. 1). Plaintiff previously filed two Civil Remedy Notices, Public Records filed with the Florida Department of Financial Services, demanding policy limits from Stillwater (See Exhibit 2 to the Original Notice of Removal Doc. 1) which is the amount in

controversy. The Policy Limits for underinsured motorist coverage are above $75,000 (See Exhibit 3 the Declaration page for Stillwater Insurance Company to the Original Notice of Removal Doc. 1).

Based upon the fact that the parties to this lawsuit have diverse Citizenship and the amount in controversy exceeds $75,000, Federal court diversity jurisdiction is appropriate.

## II.   Diversity of Citizenship

This Court has jurisdiction over this civil action pursuant to 28 U.S.C.A. Sec. 1332. Specifically, the Plaintiffs and Defendant are of diverse citizenship.

Stillwater, a Foreign Profit Corporation, is incorporated in and a citizen of California *and* its principal place of business is also located in Santa Barbara, California. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Both Plaintiffs are citizens of the United States. At all times relevant the Plaintiffs have been and intend to remain domiciled in Geneva, Florida. Their citizenship is the State of Florida. See 28 U.S.C § 1332(a)(1) and *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

The status of the citizenship for the Plaintiffs and the Defendant were diverse at the time of the filing of the State Complaint, at the time of the Removal and at all times material herein.

Further, venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia*, the Plaintiffs domicile is in this District and the alleged tortious conduct occurred in this District. Moreover, all anticipated witnesses reside within this District as well.

## III.   Amount in Controversy

The amount in controversy in the instant litigation exceeds the required amount of $75.000. Plaintiffs' Complaint claims that Plaintiff is entitled to recover damages but does not set forth a specific amount of damages it will request from a jury. If a plaintiff in a diversity action has not

pled a specific amount of damages, a defendant can properly remove the matter to Federal court if it can demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirements. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), reh'g en banc denied, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), petition for cert. filed. 16 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

The Civil Remedy Notice is a public record and was filed by and on behalf of the Plaintiff, Kevin Zeman. Thus, by Plaintiff's own admission the amount in controversy is at policy limits and exceeds $75,000 (See Exhibit 2 and 3 to Doc. 1).

Neither this pleading, nor the attached Exhibits, should be considered as an admission on the part of Stillwater in any way as to any of the Plaintiffs' claims, but, rather, it is provided solely for the purposes of establishing Federal court jurisdiction in this matter.

### IV.   Timely Removal

Removal is timely pursuant to 28 U.S.C. Sec. 1446(b) as this Notice of Removal is being filed within thirty (30) days of Defendant's December 17, 2020 receipt of Plaintiff's Complaint from which it could be ascertained that the case had become removable.

### V.   Copies of Pleadings Attached

Pursuant to 28 U.S.C. Sec. 1446(a) copies of all process and pleadings served upon Defendant are attached to this Notice of Removal.

### VI.   Notice of Removal

Concurrent with the filing of this Notice of Removal, notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Court of Court for the Ninth Judicial Circuit in and for Orange County, Florida.

WHEREFORE, Defendant, STILLWATER INSURANCE COMPANY, gives amended notice that Case No. 2020-CA-011231-O on the docket of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida is removed therefrom to the docket for this Court for trial and determination as provided by law.  Defendant, STILLWATER INSURANCE COMPANY, prays that this Court enters such orders and issues such processes as may be proper to bring before it a copy of all related records and proceedings in the State Court and there upon proceed with this civil action as if it had originally commenced in this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Amended Notice of Removal was filed with the Clerk of Court using the CM/ECF system.  I hereby also certify that I mailed the foregoing via e-service to the below referenced on this 14th day of February 2021 to the following:

SCHAROME R. WOLFE, PA
7380 Sand Lake Rd. #500
Orlando, FL 32819
407-340-0551

BY:   /s/ Scharome Wolfe
SCHAROME WOLFE, ESQ.
Florida Bar No.  0672947
Attorney For STILLWATER INSURANCE COMPANY

James O. Cunningham, Esq.
236 South Lucerne Circle East
Orlando, FL 32801
407-425-2000
Jim@cunninghampilaw.com
Karen@cunninghampilaw.com